## CUTTER *vs.* TOLE.

If the standing clerk of a militia company be absent, and another be appointed " *pro tempore*," this is a sufficient specification of the term of his office, within the *Stat.* 1821, *ch.* 164, *sec.* 16, it being understood to continue during the absence of the standing clerk.

If a captain of militia remove without the territorial limits of the company, he is still its commanding officer ; and he alone is to receive and judge of the sufficiency of soldiers' excuses for non-appearance.

This action, which was debt for the non-appearance of the defendant at a militia training, being tried at the last *November* term before the Chief Justice at the bar of this Court, agreeably to the order in the same case *ante*, *Vol.* 2, *p.* 181,—it appeared that the plaintiff prosecuted as clerk *pro tempore* of the company. To prove his appointment as such, the plaintiff called the captain of the company, who being objected to on the ground of his interest in the penalty sued for, executed and offered to the defendant a release of his right therein, *but expressing no consideration* for such release; and was thereupon admitted as a witness, and testified that the permanent clerk being absent on the day of training, he appointed the plaintiff as clerk during his absence.　The plaintiff

then produced his sergeant's warrant, on the back of which was the following indorsement;—" *Westbrook, May* 7, 1822. This " may certify that the within named *Abiel Cutter* has been duly " appointed clerk *pro tem.* of the company under my command. " *Charles Alden, Capt.*"—and a further certificate of his taking the necessary oath on the same day.

The defendant then produced and read the certificate of the surgeon of the regiment, dated *May* 4, 1822, certifying in legal form that the defendant was unfit for military duty and ought to be exempted ; but it did not appear to have been presented to the captain for his signature.

He also proved that he was duly summoned to attend this Court as a witness at *May* term 1822, which commenced on the same day with the company training ; and that he accordingly attended on that and the eight first days of the term, and testified in the cause in which he was summoned.

It also appeared that the captain, early in the year 1821, removed with his family from *Westbrook* to *Portland*, a distance of six miles from the place of company parade, where he had ever since resided; but that he usually attended the company trainings in *Westbrook*, as before, and actually attended at the training in question, returning to *Portland* on the same day ;—and that within eight days after the training, the defendant presented to the lieutenant, who resided within the limits of the company, the certificate of the surgeon, and stated that, and his attendance at Court, as the reasons of his absence from training, which the lieutenant accepted as satisfactory, and excused him.

Hereupon the Judge instructed the jury that the law was with the plaintiff, for whom they accordingly returned a verdict ; to which the defendant filed exceptions, pursuant to the statute.

*Fitch*, for the defendant, objected 1st. that the captain's incompetency as a witness was not removed by the release, because it expressed no valuable consideration.—2d. That there was no legal evidence of the appointment of the plaintiff as clerk *pro tempore*, the certificates not comporting with the provisions of the *Stat.* 1821, *ch.* 164, *sec.* 12, 16. The appointment also is void, because the time for which it was made is not expressed. The

clerk *pro tem.* is to exercise the powers of the regular clerk " for the time expressed in his appointment;"—*sec.* 16.—which indicates sufficiently that his appointment should have been for a specified time.—3d. But if he were legally appointed, it was for that day only. The regular clerk is removable only for *misconduct,* Sec. 45. *art:* 26. · Yet if a clerk *pro tem.* may be appointed for a longer period than the actual absence of the stated clerk from duty, it will effect his removal or suspension by a mode not contemplated by law. The temporary clerk could do no act in that office after the day of training, Consequently he cannot sustain this action, the right to which did not accrue till eight days afterwards; that period being allowed by law to offer excuses for delinquency.—4th. The defendant's attendance in Court, or his laboring under bodily infirmity, entitled him to exemption from military duty on that day. The law directs him to offer his excuse to the *commanding officer* ;—and who is he, but the senior officer residing within the limits of the company ? If not, then every soldier, prevented by misfortune from training, must at his peril find the captain of the company, and offer him personally his excuse, or be punished for an inevitable calamity.—Suppose the captain should depart on a long journey on the morning after training;—or should have removed his residence to a great distance, coming within the bounds of his company only on the days of training;—or should be pursuing his avocations in a distant town for some months in the year ;—surely no reasonable construction of the law would oblige an unfortunate soldier to pursue and find him. But if he is obliged to go beyond the bounds of the company at all, there is no limit beyond which he may not be compelled to go. The lieutenant, therefore, was the officer authorized in this case to receive and judge of the sufficiency of the defendant's excuse and his acceptance of it was conclusive.

*Morgan,* for the plaintiff, contended that the term of his appointment was sufficiently explicit, it being plainly intended to continue during the absence of the regular clerk, who, for aught that appeared, was still absent from duty;—that if the plaintiff had no power to prosecute, the fines for delinquency at that training could not be collected, since one fourth part of them

accrued to him only; and he was by law authorised to exercise " all the powers, and be subject to all the duties, and be liable to all the penalties of the clerk in whose place he is put ;"—and that while the captain was well known to reside within a reasonable distance from the defendant's dwelling, he alone was authorized to receive and decide upon the sufficiency of excuses for non-appearance.

WESTON J. delivered the opinion of the Court as follows.

Several objections are made to the verdict in this case ;—first that the release of the interest of *Charles Alden,* the captain, who was admitted as a witness, was insufficient ; no consideration being expressed in the release. But every deed imports in itself a consideration, and no contract or agreement made by deed is ever regarded as *nudum pactum.* *Plowden* 309.

It is further urged that it does not appear that the plaintiff was duly appointed or sworn, as clerk *pro tem.* The certificate of his appointment, bearing date *May seventh* 1822, on the back of the plaintiff's warrant as sergeant, is expressed in the past tense ; but in our opinion sufficiently indicates that he was then appointed and sworn, and that the law has been substantially pursued. It is insisted that by law the time should be distinctly expressed for which he was appointed, but this may be considered as done by the use of the words *pro tem.* by which his authority is continued only during the inability or absence of the standing clerk.

Another objection taken is, that the plaintiff cannot maintain this action ; as his authority had ceased prior to its commencement. This fact does not appear in the case ; the captain testified that the standing clerk was absent on the day of the training; but there is no evidence that he has ever yet returned.

The surgeon's certificate, read at the trial, clearly constituted no defence, not being conformable to the requirement of the revised statutes *chap.* 164, *sec.* 35, it neither stating the nature of the infirmity, nor having been allowed and signed by the commanding officer of the company, or countersigned by the commanding officer of the regiment or battallion.

It is lastly contended that the defendant, having a sufficient excuse, seasonably made it to the lieutenant, and was by him lawfully excused. If the lieutenant was competent to excuse, this point would be decisive in favor of the defendant. By the 32d article of the 45th section of the militia law before cited, the commanding officers of their respective companies may excuse any non commissioned officer or private for non appearance, upon satisfactory evidence of his inability to appear ; provided the excuse be made within the time limited. The sixteenth section of the same law provides, among other things, that whenever the office of captain shall be vacant, the officer next in grade and in commission shall exercise the command. But the office of captain was not vacant, that officer being in the full exercise of his authority. He had removed his residence out of the bounds of his command, but that did not even entitle him to his discharge, unless he had removed to such a distance that, in the opinion of the Major General, it would be inconvenient for him to discharge the duties of his office. *Sec.* 45, *art.* 9, of the law before cited. The lieutenant therefore, at the time the excuse was made and allowed by him, cannot be regarded as the commanding officer of the company; and unless he was, his allowance of the excuse cannot avail the defendant.

The exceptions in this case are overruled, and there must be

*Judgment on the verdict.*